

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DIMITRY MANNIE, on behalf of himself
and all others similarly situated                                    PLAINTIFF

v.                              CIVIL ACTION NO. 3:19cv182 HTW-LRA

COMMERCIAL FURNITURE INSTALLATION, INC.;
JOHN HASELHORST AND JACKIE ARMAGOST                DEFENDANT

## COMPLAINT

COMES NOW, the above-named Plaintiff, Mr. Dimitry Mannie (hereinafter, "Plaintiff"), individually and on behalf of all others similarly situated, employees of the Defendants and files pursuant to the Fair Labor Standards Act ("the FLSA"), Title 29 U.S.C. §§ 201, *et seq.*, this, his Complaint for Damages and other relief against the above-named Defendants, Commercial Furniture, Installation, Inc., John Haselhorst, and Jackie Armagost (collectively, "Defendants"). By this Complaint, Plaintiffs seeks from Defendants unpaid overtime compensation, liquidated damages, reasonable attorneys fees, costs, and other relief under the FLSA.

## I. NATURE OF SUIT

1.      The United States Congress passed the FLSA in 1938. Congress' principle purpose in enacting the FLSA was to protect all covered workers covered by the statue from substandard wages and oppressive working hours and labor conditions that are detrimental to maintenance of minimum standards of living necessary for heath, efficiency, and general well-being of workers and to "ensure that each employee covered by [FLSA] would receive 'a fair day's pay for a fair day's work' and would be protected from 'the evil of overwork as well as underpay." Barrentine v. Arkansas-Best Freight Sys., 450 U.S. 728, 739, 101 S.Ct. 1437, t1444 (1981).

2. The liquidated damage provision of the FLSA "constitutes a Congressional recognition that failure to pay the statutory minimum on time may be so detrimental to maintenance of the minimum standard of living 'necessary for health, efficiency, and general wellbeing of workers' and to the free flow of commerce that double payment must be made in the event of the delay in order to insure restoration of the worker to that minimum standard of wellbeing." Brooklyn Savings Bank v. O'Neil, 324 U.S. 697, 707, 65 S.Ct. 895, 902 (1945).

3. Plaintiff brings the instant civil action as a collective action under FLSA to recover from Defendants for himself, individually, and for others similarly situated to him, unpaid wages and overtime pay, liquidated damages, reasonable attorneys fees, and costs.

## II. JURISDICTION AND VENUE

4. Plaintiff's claims arise under and are brought pursuant to FLSA, Title 29 U.S.C. § 201 *et seq*. This lawsuit, therefore, involves a federal question and this Court has pursuant to Title 29 U.S.C. 216(b) and Title 28 U.S.C. § 1331 jurisdiction over the subject matter of this action.

5. This Northern Division of the United States District Court for the Southern District of Mississippi is the proper venue for the instant civil action pursuant to Title 28 U.S.C. § 1391(b)(1) and (c) because all the defendants are residents of the State of Mississippi and because a substantial part of the events giving rise to this civil action occurred in Hinds County, Mississippi within the Northern Division of the Southern District of Mississippi.

## III. PARTIES

6. Plaintiff Dimitry Mannie is an adult resident of Hinds County, Mississippi.

7. Defendant Commercial Furniture Installation, Inc., is a for-profit corporation formed and existing under the laws of the State of Mississippi, and its corporate headquarters is located in Jackson, Hinds County, Mississippi.

8. Defendant John Haselhorst is an adult resident of Clinton, Hinds County, Mississippi. At all times relevant to this Complaint, Defendant Haselhorst was an owner, officer, and director of Commercial Furniture Installation, Inc.

9. Defendant Jackie Armagost is an adult resident of Brandon, Rankin County, Mississippi. At all times relevant to this Complaint, Defendant Armagost was an owner, officer, and director of Commercial Furniture Installation, Inc.

## IV.  COVERAGE AND APPLICABILITY OF THE FLSA

10. At all times relevant to the instant civil action, including during the three years immediately preceding the filing of this Complaint, Defendant Commercial Furniture Installation, Inc. had and exercised the authority to:

    a. hire and fire employees of COMMERCIAL FURNITURE INSTALLATION, INC.;

    b. determine the work schedules of employees of COMMERCIAL FURNITURE INSTALLATION, INC.; and

    c. control the finances and operations of COMMERCIAL FURNITURE INSTALLATION, INC., by virtue of having regularly exercised that authority on behalf of COMMERCIAL FURNITURE INSTALLATION, INC.

11. At all times during which Plaintiff worked for Defendants, Plaintiff and those similarly situated to Plaintiff, were Defendants "employee", as that term is defined by Title 29 U.S.C. § 203(e)(1).

12. Neither Plaintiff nor Defendants was exempt from FLSA during the time Plaintiff was employed by Defendant.

13. At all times during which Plaintiff worked for Defendants, Plaintiff regularly interacted with interstate clientele; engaged in interstate trade and commerce as an employee of

Defendants; and handled goods and materials that have been moved in or produced for commerce.

14. At all times during which Plaintiff worked for Defendants, Plaintiff was engaged in "commerce", as that phrase is defined by Title 29 U.S.C. §§ 203(b), as an employee of Defendants.

15. At all times during which Plaintiff was an employee of Defendants, each of the Defendants was a "employer", as that term is defined by Title 29 U.S.C. § 203(d).

16. At all times during which Plaintiff was an employee of Defendants, the Defendants employed two or more employees who were at all times relevant to this civil action engaged in interstate commerce.

17. At all times during which Plaintiff and all persons similarly situated to Plaintiff were employees of Defendants and including, but not limited to, the three years immediately preceding the filing of the instant civil action, Defendants were enterprises whose annual gross volumes of sales made and business done was $500,000.00 or more, exclusive of taxes.

18. At all times during which Plaintiff and all persons similarly situated to Plaintiff were employees of Defendants, the Defendants were an "enterprise engaged in commerce", as that phrase and those terms are defined by Title 29 U.S.C. §§ 203(r) and (s)(1).

19. At all times during which Plaintiff and all persons similarly situated to Plaintiff were employees of Defendants, the Defendants willfully and intentionally failed to comply with the FLSA in that Defendants willfully did not pay Plaintiff, and other employees similarly situated to Plaintiff, overtime pay equal to one and one-half time their regular rate of pay for hours they worked in excess of forty hours in a workweek.

4

20. Plaintiff intends to include in this civil action any and all employees similarly situated to Plaintiff who worked as employees of Defendants during the three years immediately preceding the filing of the instant civil action and who, like Plaintiff, Defendants willfully failed to pay the correct overtime rate of one and one-half time their regular rate of pay for hours they worked in excess of forty hours in a workweek.

## V. FACTUAL ALLEGATIONS RELEVANT TO ALL CLAIMS

21. Defendants provide furniture installation and renting, in several states, including in the State of Mississippi.

22. Defendants, from their company headquarters in Jackson, Hinds County, Mississippi, did hire, pay through the delivery of checks, and employ furniture installation and renting professionals including, but not limited to, the named plaintiff in this action, to provide furniture installation and renting services to Defendants' clients in various states, including in the State of Mississippi.

23. Defendants assign their office and furniture installation and renting professional employees to handle Defendants' office management and each of Defendants' client's furniture installation and renting services based on Defendants' and each client's individual needs and requirements, and directs their employees as to how those services are to be provided to Defendants and to each of the Defendants' clients.

24. Defendants direct their office and furniture installation and renting professional employees as to what days, times, and locations they are to provide furniture installation and renting services to their clients.

25. Defendant provide their office and their office and furniture installation and renting professional employees with office and furniture installation and renting supplies and equipment

5

so that Defendants' employees can provide Defendants and Defendants' clients the office and furniture installation and renting services they require.

26. Plaintiff, and other people similarly situated to Plaintiff, worked for Defendants within the three years immediately preceding the filing and commencement of the instant civil action.

27. Plaintiff, and other people similarly situated to Plaintiff, were furniture installation and renting professionals at all times during which they were employees of Defendants.

28. In exchange for services performed by Plaintiff, and others similarly situated to Plaintiff, Defendants paid Plaintiff, and others similarly situated to Plaintiffs, an hourly rate of pay.

29. Plaintiff, and others similarly situated to Plaintiff, repeatedly worked more than forty hours in a workweek.

30. The Defendants knew that they were required under the FLSA to pay Plaintiff, and others similarly situated to Plaintiff, one and one-half times their regular rates of pay for all hours Plaintiff, and others similarly situated to Plaintiff, worked in excess of forty hours per workweek.

31. The Defendant repeatedly violated the FLSA by failing willfully to pay Plaintiff, and others similarly situated to Plaintiff, one and one-half times their regular rates of pay for hours Plaintiff, and others similarly situated to Plaintiff, worked in excess of forty hours in a workweek.

## VI.  CAUSE OF ACTION

32. Plaintiff reincorporates and re-alleges herein all prior and preceding paragraphs of this Complaint as if set out herein in full.

33. During the three years immediately preceding the filing of the instant Complaint, Plaintiff, and other similarly situated employees of Defendants, were employees of Defendants who were covered by the FLSA.

34. During the three years immediately preceding the filing of the instant Complaint, Plaintiff, and other similarly situated employees of Defendants, were entitled under the FLSA to receive from Defendants pay of one and one-half times their regular pay for hours worked in excess of forty hours in a workweek.

35. During the three years immediately preceding the filing of the instant Complaint, Plaintiff, and other similarly situated employees of Defendants, repeatedly worked in excess of forty hours in a workweek.

36. During the three years immediately preceding the filing of the instant Complaint, Defendants knew that Plaintiff, and other similarly situated employees of Defendants, had worked in excess of forty hours in a workweek.

37. During the three years immediately preceding the filing of the instant Complaint, Defendants knowingly and willfully failed to pay Plaintiff, and other similarly situated employees of Defendants, one and one-half times their regular rate of pay for hours Plaintiff, and other similarly situated employees of Defendants, worked in excess of forty hours.

38. As a result of Defendants' willful violation of Plaintiff's rights and the rights of others similarly situated to Plaintiff under the FLSA, Plaintiff and other employees similarly situated to Plaintiff are entitled to recover from Defendants damages in an amount equal to their unpaid overtime pay, an equal amount of their unpaid overtime pay as liquidated damages, reasonable attorneys fees, and costs.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, and all other similarly situated employees of Defendants, respectfully request this Court certify this claim as a collective action under the Fair Labor Standards Act, Title 29 U.S.C. §§ 201, *et seq.* and order court-supervised

notice to the prospective class. Plaintiff, and all other similarly situated employees of Defendants, further demand judgment against Defendants for the following:

    A. Damages in an amount equal to the unpaid overtime owed to Plaintiff and other employees of Defendants similarly situated to Plaintiff;

    B. Liquidated damages as prescribed by the FLSA;

    C. Reasonable attorneys fees;

    D. Pre-judgment interest;

    E. Post-judgment interest; and

    F. Any and all further relief that this Court determines to be just and appropriate, whether at law or in equity.

**RESPECTFULLY SUBMITTED**, on this, the 13th day of March, 2019.

PLAINTIFF, on and in behalf of himself and other similarly situated employees

*s/E. Carlos Tanner, III, Esq.*
E. Carlos Tanner, III, Esq. (MS Bar No. 102713)
TANNER & ASSOCIATES, LLC
Post Office Box 3709
Jackson, Mississippi 39207
601.460.1745 (telephone)
662.796.3509 (facsimile)
carlos.tanner@thetannerlawfirm.com