# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**DIMITRY MANNIE,** on behalf of himself
and all others similarly situated                                                          **PLAINTIFF**

**v.**                                          **CIVIL ACTION NO. 3:19cv182HTW-LRA**

**COMMERCIAL FURNITURE INSTALLATION, INC.
AND JACKIE ARMAGOST**                                                  **DEFENDANTS**

## MOTION FOR DEFAULT JUDGMENT AGAINST COMMERCIAL FURNITURE INSTALLATION, INC. and JACKIE ARMAGOST

COMES NOW, Plaintiff Dimitry Mannie, by and through his undersigned counsel or record and files pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, this, his Motion for Default Judgment against Defendant Commercial Furniture Installation, Inc. ("CFI" and Defendant Jackie Armagost ("Armagost"). Pursuant to Rule 55(a) of the Mississippi Rules of Civil Procedure, Dimitry Mannie, ("Plaintiff"), herewith moves this Court for a Default Judgment against Defendant Jackie Armagost. In support of this instant Motion, Plaintiff states as follows:

1. On March 13, 2019, Plaintiff filed his Complaint before this Court requesting damages and other relief from the Defendants. (Doc. 1).

2. On March 14, 2019, a Process Server, duly served Defendants CFI and Armagost by personal service pursuant to Rules 4(h)(1)(A) and 4(h)(1)(B) of the Federal Rules of Civil Procedure.

3. On March 18, 2019, the undersigned filed with this Court a Proof of Service of Process. (Doc. 4).

4. Defendants CFI's and Armagost's Answers or other responsive pleadings were due to be filed on or before April 4, 2019.

5. Defendants CFI and Armagost timely filed Answers to the Complaint, but shortly thereafter, their counsel moved to withdraw as counsel from this matter.

6. The defendants refused to participate any further in this litigation after their former counsel was permitted to withdraw from the litigation. They did not obtain new counsel or respond to this Court's orders to show cause for their failure to participate in this case or to otherwise defend themselves against Plaintiff's claims.

7. This Court sanctioned the defendants for their repeated failures to participate or otherwise defend themselves in this case. As part of those sanctions, this Court found that a default should be entered against the defendants.

8. This Court should now enter a default judgment against Defendants CFI and Armagost because they have not responded to the Complaint filed against and served upon them or this Court's repeated show cause orders requiring them to answer for those failures. All other requirements justifying a default judgment have been satisfied. The interests of justice and judicial economy will be served by bringing a conclusion to the litigation of these claims as to which the defendants have been unwilling to respond.

9. Plaintiff presents through the attached exhibits that the defendants' failure to pay Plaintiff one and one-half times his normal rate of pay for work he performed while in the defendants employ was willful and that those willful failures caused Plaintiff to suffer compensatory and liquidated damages in the amount of $7,500.00. Plaintiff also proves through exhibits to this motion that he is entitled to an award of attorney's fees and costs.

10. Plaintiff's proof shows that Savon Spann, one of Plaintiff's co-workers who worked the same sort of job as Plaintiff at the defendants' company and who earned $10.00 per hour for each hour he worked, received his same $10 per hour pay even when he worked in

excess of forty hours in a workweek. [Exh. E and F]. Plaintiff also demonstrates that Armagost, one of the two owners of CFI, acknowledged in his answers to requests for admissions in a related case that he was aware of his requirement to pay employees overtime pay in the three years referenced in that other lawsuit, which preceded the filing of the instant civil action. [Exh. D]. Those exhibits, coupled with Plaintiff's sworn affidavit concerning the manner in which the defendants paid him, prove that the defendants should be held liable for paying him in violation of the Fair Labor Standards Act and that their violation of the Act was willful. [Exh. A].

10. In addition to his claims for damages, Plaintiff Mannie requests that the Default Judgment dismiss any and all potential claims of Defendants CFI and Armagost against Plaintiff Mannie related to the legal and factual averments alleged in the Complaint. Any such claims would be compulsory counter-claims and are, thus, time-barred. *See Dillard v. Security Pacific Brokers, Inc.*, 835 F.2d 607 at 608 (5th Cir. 1988) (holding that default judgment barred compulsory counter-claims).

10. Also, Plaintiff Mannie applies for any other relief the Court deems necessary and proper to support entry of a default judgment against Defendants Commercial Furniture Installation, Inc. and Jackie Armagost.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff Mannie moves this Court to enter default judgment against Defendants Commercial Furniture Installation, Inc. and Jackie Armagost for $7,500.00 in compensatory and liquidated damages, $7,575.00 in reasonable attorneys fees [Exhibits B and C], $505.00 in costs [Ct. Doc. Nos. 1, 4, 5, and 9], and for all such other relief as this Court deems appropriate.

**RESPECTFULLY SUBMITTED**, this 15th day of February, 2022.

    DIMITRY MANNIE,
    PLAINTIFF

    *s/E. Carlos Tanner, III, Esq*.
    E. Carlos Tanner, III, Esq. (MSB# 102713)
    TANNER & ASSOCIATES, LLC
    Post Office Box 3709
    Jackson, Mississippi 39207
    carlos.tanner@thetannerlawfirm.com
    601.460.1745 (telephone)
    662.796.3509 (facsimile)

# CERTIFICATE OF SERVICE

I, E. Carlos Tanner, III, do hereby certify that on this date I have filed the foregoing Plaintiff's Motion for Default Judgment Against Defendants Commercial Furniture Installation, Inc. and Jackie Armagost, with the Clerk of Court for the United States District Court for the Southern District of Mississippi using the ECF system, which caused notification of that filing to be sent electronically to all counsel of record in this cause.

**ON THIS**, the 15th day of February, 2022.

                                DIMITRY MANNIE,
                                PLAINTIFF

                                *s/E. Carlos Tanner, III, Esq*.
                                E. Carlos Tanner, III, Esq. (MSB# 102713)
                                TANNER & ASSOCIATES, LLC
                                Post Office Box 3709
                                Jackson, Mississippi 39207
                                carlos.tanner@thetannerlawfirm.com
                                601.460.1745 (telephone)
                                662.796.3509 (facsimile)